UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DICK VAN DUJIN                                                                                      PLAINTIFF

v.                                         No. 5:19-CV-5223

HOG RADIO INC.                                                                                      DEFENDANT

## ORDER TO SHOW CAUSE

Plaintiff filed this copyright infringement lawsuit in this Court on December 5, 2019. He is represented by Richard Liebowitz, who is admitted pro hac vice, and A.J. Kelly, who is generally admitted to practice before this Court. The complaint was filed on December 7, 2019. It was signed only by Mr. Liebowitz. Mr. Kelly did not enter an appearance until December 11, 2019, at which time he filed a motion for Mr. Liebowitz to appear pro hac vice. The motion was granted, and Mr. Liebowitz entered his appearance on December 23, 2019.

As this sequence of events indicates, this case has been characterized by procedural irregularities from the outset. Plaintiff did not sign the pleading initiating this cause of action, but it was instead filed by Mr. Liebowitz. "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. That is,

> Natural persons may appear in court, either by themselves, or by their attorney. But no man has a right to appear as the attorney of another, without the authority of that other. In ordinary cases, the authority must be produced, because there is, in the nature of things, [no] *prima facie* evidence that one man is in fact the attorney of another. The case of an attorney-at-law, an attorney for the purpose of representing another in court, and prosecuting or defending a suit in his name, is somewhat different. The power must indeed exist, but its production has not been considered as indispensable. Certain gentlemen, first licensed by government, are admitted, by order of court, to stand at the bar, with a general capacity to represent all the suitors in the court. The appearance of any one of these gentlemen in a cause, has always been received as evidence of his authority; and no additional evidence, so far as we are informed, has ever been required. This practice, we believe, has

1

>existed from the first establishment of our courts, and no departure from it has been made in those of any state, or of the Union.

*Osborn v. Bank of United States*, 22 U.S. 738, 829–30 (1824).  Under the local rules governing practice in this Court, "[e]very pleading . . . filed in behalf of a party represented by counsel shall be signed by at least one attorney of record."  W.D. Ark. R. 5.5(c)(1).  Mr. Liebowitz was not admitted to practice before this Court when he signed and filed the complaint initiating this action.  He was not authorized to practice law in this Court when he filed the complaint, and it is possible that the original complaint should therefore be considered a nullity.  *See Jones ex rel. Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950, 952 (8th Cir. 2005).

Dismissing this case because it could not have been filed would not end the Court's inquiry into the procedural irregularities, however.  An answer to the complaint was filed on February 19, 2020.  Exhibits to the answer call into question whether Mr. Liebowitz and Mr. Kelly are, in fact, attorneys authorized to file this complaint on behalf of Plaintiff.  Not only is the prima facie evidence referenced in *Osborn* absent from this case (because the complaint was not signed by an attorney then admitted to practice in this Court), but there is now some affirmative evidence that Mr. Liebowitz and Mr. Kelly are not Plaintiff's attorneys.  If Mr. Liebowitz and Mr. Kelly are not Plaintiff's attorneys, then by signing and filing a complaint and pursuing a cause of action on behalf of Plaintiff, Mr. Liebowitz and Mr. Kelly appear to have committed sanctionable misconduct and perpetrated fraud on this Court:

>By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating for it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will

>likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  The Court may order attorneys to show cause why specific conduct has not violated Rule 11(b).  Fed. R. Civ. P. 11(c)(3).  It will do so here.

Mr. Liebowitz and Mr. Kelly are ordered to show cause why they should not be sanctioned for a violation of Rule 11.  They may show cause by appearing in person in this Court at a hearing in Fort Smith, Arkansas on April 22, 2020, and demonstrating that they are authorized to proceed as attorneys for Plaintiff.  This demonstration will require, at a minimum, either Plaintiff's presence and sworn testimony at that hearing or an affidavit made by Plaintiff under penalty of perjury that affirmatively represents that Mr. Liebowitz and Mr. Kelly have been retained as attorneys in this matter, that Mr. Liebowitz was retained prior to filing the complaint, and that Plaintiff authorized Mr. Liebowitz to file the complaint.  If Mr. Liebowitz and Mr. Kelly are unable to show cause why they should not be sanctioned, then it is the Court's intention to vacate the order granting Mr. Liebowitz permission to appear pro hac vice, to prohibit him from ever again seeking pro hac vice admission in this jurisdiction, to order Mr. Liebowitz and Mr. Kelly jointly and severally to pay Defendant's attorney's fees and costs incurred in defending this action both prior to and subsequent to the filing of the complaint, and to refer Mr. Liebowtiz to the disciplinary authorities for attorneys in the State of New York and Mr. Kelly to the disciplinary authorities for attorneys in the State of Arkansas for investigation into their conduct in this case.  The Court finds this sanction is "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).

If Mr. Liebowitz and Mr. Kelly are able to show that they represent Plaintiff, they will then be permitted to show cause why this complaint should not be dismissed without prejudice as a

legal nullity in accordance with *Jones ex rel. Jones*.

IT IS SO ORDERED this 27th day of February, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE