UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DICK VAN DUJIN                                                                                    PLAINTIFF

v.                                          No. 5:19-CV-05223

HOG RADIO INC.                                                                                  DEFENDANT

## OPINION AND ORDER

On February 27, 2020 the Court entered an order (Doc. 13) directing attorneys Richard Liebowitz and A.J. Kelly to show cause why Rule 11 sanctions should not issue and why this matter should not be dismissed without prejudice as a legal nullity. The order was entered in part on the basis of text communication filed by Defendant and appearing to be between Plaintiff Dick Van Dujin and an employee of Defendant Hog Radio Inc. that indicated that Mr. Van Dujin did not hire these attorneys to represent him and did not authorize a copyright suit to be brought by them in his name. On March 26, affidavits of Mr. Liebowitz (Doc. 14) and Mr. Van Dujin (Doc. 15) were filed in response. The affidavits clarify that Mr. Liebowitz and Mr. Kelly have been hired by a German business called COPYTRACK GmbH ("Copytrack") to enforce Plaintiff's copyright against infringers in the United States. The affidavits satisfy some of the Court's concerns—Mr. Liebowitz and Mr. Kelly have shown that they have not committed sanctionable misconduct by bringing this action on behalf of Plaintiff and there is no cause to enter sanctions against them.

The Court's other identified concern remains, however, and is not adequately addressed by the affidavits. The complaint in this action was not filed by anyone authorized by statute or rule to initiate an action in this Court. (Doc.  It is a nullity that cannot be cured by amendment. *Jones ex rel. Jones v. Corr. Med. Serv., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005). Instead, however

1

impractical it may be, the appropriate procedural step is dismissal without prejudice to Plaintiff refiling the action. *Id.* The Court will do so.

The Court suggests that the most practical means of refiling this dispute so that it may be resolved on its merits following dismissal of this action will be for Mr. Kelly, the attorney generally admitted in this district, to file a new action and separately move for Mr. Liebowitz to appear pro hac vice in that action. The Court speculates that if Copytrack has discretion to initiate copyright infringement actions in the United States, then Copytrack may have some interest in Mr. Van Dujin's copyright. If that is the case, then were this action to proceed the Court would order the joinder of Copytrack under 17 U.S.C. § 501(b) ("The court may require the joinder, and shall permit the intervention, of any person having or claiming an interest in the copyright."). So that entry of a similar order is not required in any subsequent action, Mr. Kelly, Mr. Liebowitz, and Mr. Van Dujin should add Copytrack as a Plaintiff if Copytrack has any interest, even if nonexclusive, in the copyright at issue.

IT IS THEREFORE ORDERED that this matter is DISMISSED WITHOUT PREJUDICE. Judgment shall be entered separately.

IT IS SO ORDERED this 31st day of March, 2020.

/s/P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE